## BLAKE *v.* DORGAN.

A court of equity may dissolve a partnership, when difficulties between copartners are of so serious a nature as to render the continuance of the company impracticable, and injurious to one or both of its members.

It may be doubted, whether either member of a copartnership can dissolve it, where its duration is fixed by articles of covenant for a term of years.

The fact, that the petitioner for a dissolution of a partnership may have committed the first wrong, affords no excuse for wrongs committed by the other party, and should not prevent a dissolution, when the deportment of each party is hostile to the harmony, prosperity, and continuance of the firm.

IN EQUITY. *Appeal from Dubuque District Court.*

This case was decided at Iowa city, but the opinion was subsequently delivered at Dubuque.

This was a petition to obtain a dissolution of a partnership made upon the following agreement: " This article of agreement, made and entered into this twenty-ninth day of August, A. D. 1843, between Dennis Dorgan, of the county of Dubuque and territory of Iowa, of the first part, and John Blake, of the same county and territory, of the second part,

Witnesseth : that whereas the said Dorgan is seized and possessed, in fee simple, of a certain tract or parcel of land, situate in the city of Dubuque, in said territory, and in which said tract he, the said Dorgan, promises and engages to sink, dig, and erect a well for water. The said Blake, on his part, is possessed of such certain tools and implements as are necessary for brick-making, which he, the said Blake, agrees to deliver on the lands of the said Dorgan above described, and thence the said Dorgan and Blake are to become joint partners in the art of making brick, to contribute equal costs and expenses, and to share equal profits and loss, for the term of seven years. But in no case shall the said Blake hold any title or interest to the lands of the said Dorgan, other than his joint and equal right to such clay as they make brick of, nor shall the said Blake be permitted, by this article, to make sale or transfer of such right as he acquires by these presents, to the brick clay. But should he, at any time within the seven years above referred to, desire to withdraw from the partnership, his right shall revert to the said Dorgan ; and should either party, within the seven years, fail or refuse to furnish his proportion of one half the labor and expenses, necessary to the making of the brick, then the other party shall proceed with the work, and shall charge the amount of such proportional labor and expense to the delinquent party, together with an interest of ten per cent. on the same. And at the end of the said seven years, the said partnership shall be dissolved, and the lands, and everything appertaining thereto, shall be the property of the said Dorgan, and such other property as is then on hand, shall be the joint property of the said Blake and Dorgan, to be disposed of for their mutual benefit, as they or their legal successors may direct." This agreement is set forth in the petition, and admitted by the answer. The complainant then alleges, that he went on according to agreement, and sunk a well of water ; that for the purpose of apportioning the expenses of the brick-making as equally as might be, it was agreed that each should board his portion of the hands employed, and use their

respective teams, each alternate week, upon the company business; and that, in acordance with the written agreement and these arrangements, they entered into the business, and continued till June 20, 1846. The petition then charges, that at the above date, the defendant, without the consent of the petitioner, and for the purpose of unjustly charging him with his portion of the expenses, with ten per cent. interest on the same, ordered and directed the hands, boarding with petitioner, to go to his house for board, which they did; that defendant would not permit him to work his horses on the brick-yard, in order to increase charges against him; that the defendant, by threats, menaces, insults, and perverse oppressive deportment, rendered it impracticable and wholly inexpedient for them to carry on the partnership business together. Most of the charges contained in the petition are denied by the answer. Depositions were taken by the parties, in support of their respective allegations. The petition, answer, and depositions, all concur in showing a serious and protracted partnership quarrel between the parties, and disclose a mutual aversion to their partnership connection. In the court below, decrees of a dissolution, and for an account of partnership assets, and an injunction, were granted.

*Timothy Davis* and *P. Smith,* for the appellant.

*S. Hempstead* and *J. E. Sanford,* for the appellee.

. *Opinion by* HASTINGS, C. J. The bills, answers and depositions in this case conclusively show that there was no error in the court below, in decreeing a dissolution of the copartnership between the parties. The nature of the business for which the copartnership was created was such, that not only capital, skill and labor were required to carry on the business, but mutual confidence and good faith, without which the copartnership should, and would be forced to cease. And though, in the language of the book, "the court will require a strong case to be made out before it will dis-

solve a partnership and decree a sale of the whole concern;"
and although, from the depositions in this case, it would be
difficult to decide which of the parties is most in the wrong,
there is no doubt that equity demands a decree of dissolution,
in this case, as a continuance of the copartnership would have
been impracticable, and would have, in the end, been disas-
trous to the interests of one, if not both of the copartners.   It
is not in the power of any court to decree a continuance of the
business, pursuant to the terms of the agreement, without
at the same time assuming the high prerogative of decreeing
a personal reconciliation and restoration of mutual confidence.
It may be doubted whether it was in the power of either
party to dissolve the copartnership, its duration being fixed
by covenants for a term of years.   But in the case of *Skin-
ner* v. *Dayton*, 19 Johns. Rep. 538, Platt, J. held that a
member of a copartnership fixed for a term of years by arti-
cles of covenant, had the power to dissolve the same.   And
the reasoning of Justice Platt is favorably commented upon
by Chancellor Kent in his Commentaries, vol. iii. 55, and
such is the French law; and such we believe to be the more
reasonable doctrine, leaving the injured party to his remedy
on the articles or covenants.   But no one will doubt the
power of a court of chancery, when properly addressed, to
decree a dissolution.   We will not proceed to inquire who
was the original author of the difficulties between the par-
ties, nor which party was most in the wrong.   It is sufficient
that the defendant Blake's conduct amounted to an exclusion
of the complainant from his proper agency in the business,
and that the conduct of both parties was of itself evidence
of a substantial dissolution, leaving it only for a court of
chancery to go through the form of decreeing a dissolution,
and settlement of the business of the partners in a manner
best calculated to restore the parties to their original rights,
and each party to an equitable participation in the profits and
losses.   It is urged that the complainant does not come into
court with clean hands, for the reason that he was first in
the wrong.   We see no necessary connection between the

wrong first committed by complainant and the subsequent wrongful acts of defendant. And from this argument, it would seem that the causes of dissolution are strengthened, both parties having been guilty of acts inconsistent with the continuance of their copartnership relations. Because Dorgan was first in the wrong, is no excuse for the wrongs afterwards perpetrated by Blake. If Blake desired to continue the partnership, and to refuse a dissolution, his repeated declarations of hostility to Dorgan's further participation in the business of the firm, and his contracts of sale of brick in his own name, were not consistent therewith, and evidence on his part a determination to effect a dissolution.

The decree of the district court is affirmed.